﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 190910-75119
DATE: July 31, 2020

REMANDED

Entitlement to service connection for a lung disability, to include asbestosis and mesothelioma, is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Navy from March 1964 through January 1970. 

This appeal is before the Board of Veterans’ Appeals (Board) on appeal of an August 2017 rating decision from a Department of Veterans Affairs (VA) Regional Office (RO). 

A brief review of the procedural history of this case is instructive. In the August 2017 rating decision, the RO denied the Veteran’s claim for service connection for asbestosis. The Veteran filed a timely notice of disagreement. In July 2019, the RO issued a statement of the case.

Thereafter, the Veteran opted into the modernized review system (known by the Board as the AMA) by filing a VA Form 10182. 38 C.F.R. § 19.2. On this notice of disagreement to the Board of Veterans’ Appeals (Board), the Veteran selected direct docket review; but in March 2020, the Veteran submitted correspondence withdrawing his VA Form 10182 requesting direct docket review. The Veteran submitted an updated VA Form 10182 in April 2020 requesting the evidence submission docket. In May 2020, the undersigned Veterans Law Judge granted the Veteran’s request and the Veteran’s appeal was placed on the evidence submission docket. Therefore, the Board shall consider the appeal under the evidence submission docket. In adjudicating the claim, the Board may consider evidence associated with the record within 90 days from May 14, 2020, the date of the Board correspondence which put the Veteran’s appeal on the evidence submission docket. 

The Board has broadened the Veteran’s claim from one seeking service connection for asbestosis to a claim for service connection for a lung disability to include mesothelioma. Clemons v. Shinseki, 23 Vet. App. 1 (2009). His claim is recharacterized as shown above.

The Veteran contends his mesothelioma (originally claimed as asbestosis) is due to in-service asbestos exposure while aboard Naval submarines. 

Service connection may be established for disability resulting from personal injury suffered or disease contracted in the line of duty in the active military, naval, or air service. 38 U.S.C. §§ 1110, 1131. Service connection may also be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303(d).

There is no specific statutory guidance for asbestos-related claims, nor has VA promulgated any regulations regarding such claims. VA has, however, issued guidelines for compensation claims based on exposure to asbestos. The adjudication of a claim for service connection for a disability resulting from asbestos exposure should include: (1) a determination as to whether the Veteran’s service records demonstrate the Veteran was exposed to asbestos during service; (2) development sufficient to determine whether the Veteran was exposed to asbestos either before or after service; and (3) a determination as to whether a relationship exists between the Veteran’s in-service asbestos exposure and the claimed disease.

The Veteran underwent a VA examination in August 2017. The VA examiner concluded there was no objective evidence of asbestosis or asbestos related lung disease, but noted the Veteran did have bilateral pleural plaques. The VA examiner concluded the Veteran did not meet the criteria for an asbestosis diagnosis. The VA examiner also noted the Veteran’s MOS was ensign and concluded the Veteran’s MOS was not probably for asbestos exposure.

In contrast to the VA examiner’s opinion regarding the Veteran’s MOS, his personnel record addresses his duties more specifically. The Veteran’s personnel record reports the Veteran’s responsibilities were to organize, administer, and train others aboard the new construction nuclear power submarine from April 1968 to May 1969. His records further state the ship was undergoing construction while the ship underwent dock and sea trials. It does not appear this evidence was considered by the VA examiner.

The Veteran submitted evidence regarding his in-service asbestos exposure and medical records showing a diagnosis of mesothelioma. The Veteran submitted correspondence stating that he does not believe the VA considered his in-service conditions during his Naval service. The Veteran reported he lived and worked on a submarine undergoing a shipyard overhaul when asbestos insulation was being removed and reapplied. The Veteran stated he does not believe these conditions were properly considered during the review of his appeal. 

The Veteran also submitted additional medical evidence within the evidence submission window. He underwent a thoracoscopy video assisted pleural biopsy. His private physician provided a diagnosis of malignant mesothelioma. While the private treatment record provides the diagnosis for the disability criterion for service connection, it does not provide a link between the current disability and the Veteran’s service. The evidence alone is not sufficient to grant service connection based on the private medical records alone as no nexus was provided.

Post-AMA, the Board may only remand an issue to correct any pre-decisional duty to assist or notify errors it identifies. Here, the Board finds that such an error exists in this case, as the Veteran has submitted evidence and statements regarding his claimed asbestos exposure and disability that were not addressed. The VA also did not consider the construction the Veteran was around while stationed on a submarine. Given these facts, a remand is required.

The matter is REMANDED for the following action:

Obtain an addendum opinion from an appropriate examiner to determine whether the Veteran’s lung disability is related to his naval service. It is left to the discretion of the examiner to determine whether an examination of the Veteran is needed.

The examiner is asked to provide an opinion as to whether it is at least as likely as not that any identified lung disability had its onset or is otherwise related to the Veteran’s active naval service.

The examiner must also specifically address the Veteran’s statements regarding his in-service asbestos exposure and the Veteran’s personnel records that document in-service exposure to construction. 

 

 

Evan M. Deichert

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Mouzakis, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.